OPINION
Appellant, Robert Balaban, appeals a decision of the Lake County Court of Common Pleas. On August 1, 1984, the grand jury indicted him on three counts of rape, in violation of the R.C. 2907.02, felonies of the first degree; three counts of kidnapping, in violation of R.C. 2905.01, felonies of the second degree; four counts of gross sexual imposition, in violation of R.C. 2907.05, felonies of the third degree; and three counts of sexual battery, in violation of R.C. 2907.03, felonies of the third degree. On October 25, 1984, appellant was convicted on all thirteen counts and was sentenced to serve life imprisonment. On November 7, 1984, he filed a motion for a new trial, which was overruled by the trial court. Appellant filed an appeal with this court from the entry denying his motion for a new trial. However, this court affirmed the judgment of the trial court on April 25, 1988.
A sexual predator hearing was scheduled for April 22, 1998. Prior to the hearing, appellant filed a motion to dismiss asserting various constitutional challenges, and he filed a motion for public payment of an expert to complete a psychiatric evaluation. Both motions were denied. On August 19, 1998, a hearing was held to determine whether appellant should be adjudicated a sexual predator under R.C. 2950.09(C). In an entry dated August 31, 1998, the trial court found by clear and convincing evidence that appellant was a sexual predator, and he was notified of his registration obligations. Appellant timely filed the instant appeal and assigns the following assignments of error:
 "[1.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because * * * appellant's fundamental rights have been impaired.
 "[2.] R.C. 2950.09(C) is unconstitutionally vague, thus denying [appellant] due process of law.
 "[3.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.
 "[4.] R.C. 2950.09(C) is unconstitutional on the basis of double jeopardy.
 "[5.] The finding that [appellant] is a sexual predator is against the manifest weight of the evidence.
 "[6.] The trial court erred to the prejudice of [appellant] when it denied him the opportunity to be evaluated by the Lake County Psychiatric Clinic in preparation for the sexual predator determination hearing."
 In the first four assignments of error, appellant raises four different challenges to the constitutionality of R.C. 2950.09, Ohio's version of New Jersey's Megan's Law. With regard to appellant's constitutional arguments, each of them has been considered and rejected by the Supreme Court of Ohio. See State v. Williams (2000), 88 Ohio St.3d 513; State v. Cook (1998), 83 Ohio St.3d 404.
Appellant's first assignment of error concerns the Due Process and Equal Protection Clause. Specifically, appellant contends that R.C. Chapter 2950 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because it impairs one's fundamental rights to liberty and privacy. Within this assignment of error, appellant also argues that the statute denies him equal protection of the law.
Appellant's argument regarding fundamental rights has been expressly rejected by the Supreme Court of Ohio in Williams, where the Court held that Ohio's sexual predator laws do not improperly impinge upon an offender's natural law rights of privacy, the ability to pursue an occupation, the enjoyment of a favorable reputation, or the acquisition of property. Id. at 525. The Williams decision also rejected the argument raised by appellant that the sexual predator laws violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Id. at 529-531. Hence, appellant's first assignment of error is without merit.
Under the second assignment of error, appellant maintains that R.C. Chapter 2950 is unconstitutionally vague as it gives the trial court virtually no guidance as to which party has the burden of proof nor how strong of a showing is required for a defendant to be adjudicated a sexual predator. In Williams, the Supreme Court rejected these arguments and concluded that Chapter 2950 is not "impermissibly vague" because the statutes provide sufficient guidelines by which a trial court can decide whether the state has established, by clear and convincing evidence, that the defendant is a sexual predator. Id. at 533. The Supreme Court also made it clear that the state has the burden of proof. Id. As a result, appellant's second assignment of error is meritless.
In his third assignment of error, appellant contends that R.C. 2950.09(C) amounts to cruel and unusual punishment under the federal and state constitutions as registration requirements traditionally have been viewed as punitive in nature.
In Cook, 83 Ohio St.3d at 423, the Supreme Court of Ohio held that the registration and notification provisions of R.C. Chapter 2950 are not punitive but, rather, remedial in nature. In light of this characterization, this court has held that the prohibition against cruel and unusual punishment has no application to the sexual offender laws.State v. Nahrstedt (Dec. 29, 2000), Lake App. No. 98-L-236, unreported, 2001 WL 20549, at 1; State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, 2000 WL 1041444, at 3. Thus, appellant's third assignment of error lacks merit.
With respect to the fourth assignment of error, appellant submits that R.C. Chapter 2950 is unconstitutional on the basis that it violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Supreme Court of Ohio also rejected this argument due to its conclusion that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, thus, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. Williams, 88 Ohio St.3d at 528; see, also, Cook,83 Ohio St.3d 404 . Appellant's fourth assignment of error is not well-founded.
Under the fifth assignment of error, appellant argues that the trial court's sexual predator determination was against the manifest weight of the evidence and that the court failed to use the clear and convincing standard when determining whether appellant was a sexual predator.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
In making such analysis, the judge must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statement as the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings.Cook, 83 Ohio St.3d at 425. This court stated in State v. King (Dec. 29, 2000), Geauga App. No. 99-G-2237, unreported, 2001 WL 20720, at 3, that:
 "[t]he trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. * * * Furthermore, R.C. 2950.09
does not preclude a trial court from relying on one factor more than another in its determination that an offender qualifies as a sexual predator. * * * Although not specifically mandated by the statute, if, after consideration of the relevant factors, the court determines that the defendant should be classified as a sexual predator, it should declare that the defendant `is likely to engage in the future in one or more sexually oriented offenses,' the quintessential purpose in labeling an offender a `sexual predator.' R.C. 2950.01(E)." (Citations omitted.)
 Pursuant to State v. Eppinger (2001), 91 Ohio St.3d 158, 166, the Supreme Court of Ohio has stated that there are three objectives in a sexual offender classification hearing. First, the Supreme Court explained that "it is critical" that "a clear and accurate record of what evidence or testimony was considered should be preserved * * * for purposes of any potential appeal." Id. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Id. Finally, the Supreme Court indicated that the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and it should discuss, on the record, the evidence and factors upon which it relies in making its determination as to the likelihood of recidivism. Id.
Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In the case sub judice, the record includes clear and convincing evidence that several of the factors set forth in R.C. 2950.09(B)(2), which the trial court considered, apply to appellant. At appellant's adjudication hearing, the court specifically found that:
 "* * * [Appellant's] age at the time of the offense was 38 and that the age of the victim was 10 years of age.
 "And that there was a [familial] relationship between the victim and the offender and that is that the offender is the victim's father and there were multiple occurrences over a period of time which demonstrate a pattern of abuse and whenever a family member visits upon another family member a sex offense this Court considers it to be abusive and since it occurred several times over a period of time the Court considers it to be a demonstrated pattern of abuse.
 "Again since [appellant] is a parent of the victim the Court finds also that there was a display of cruelty. Whenever a parent again has a demonstrated pattern of abuse that is certainly cruelty and cruelty was brought about by the demonstration of threat.
 "Therefore, the Court finds [appellant to be] a sexual predator under [R.C.] 2950.09."
 Further, in the judgment entry adjudicating appellant a sexual predator, the trial court lists the factors from R.C. 2950.09(B)(2) it considered in determining appellant was a sexual predator. Specifically, the trial court stated that: (1) appellant was thirty-eight at the time of the offense; (2) the victim was ten at the time; (3) appellant's sexual conduct or interaction included multiple acts of anal penetration against the victim, which demonstrates a pattern of abuse; and (4) appellant was the natural father of the victim and the acts in the context of that relationship amount to cruelty.
Therefore, based upon a review of the record, we cannot conclude that the trial court erred by classifying appellant as a sexual predator. Appellant's fifth assignment of error has no merit.
Lastly, in his sixth assignment of error, appellant claims that the trial court abused its discretion when it failed to provide him an expert psychological evaluation. The state maintains the court did not abuse its discretion in failing to appoint an expert.
In Eppinger, 91 Ohio St.3d at 162, the Supreme Court held that:
 "* * * an expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."
 As the court stated in Cook, supra, a sexual predator hearing is similar to a sentencing hearing and the classification by the court is not considered punishment. Therefore, the decision of whether psychological expert assistance must be provided at the sexual predator hearing is left to the discretion of the trial court for determination on a case by case basis.
Here, appellant filed a motion for a psychiatric expert prior to the sexual predator hearing, and the trial court denied his request. Appellant has failed to state with any specificity how the appointment of a psychological expert would have assisted the trial court in making its determination during the hearing.
In State v. Russell (Apr. 22, 1999), Cuyahoga App. No. 72796, unreported, 1999 WL 236680, at 4, citing State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported, 1998 WL 272142, the appellate court held that there was no entitlement to a psychiatric expert evaluation at the state's expense prior to a sexual predator hearing:
 "* * * an expert's conclusion is not mandated under the sexual predator statute. Consequently, R.C. 2950.09
does not mandate the appointment of an expert for an indigent. However, if need is shown then an indigent is entitled to a state expensed expert."
 In State v. Broom (1988), 40 Ohio St.3d 277, 283, the Supreme Court of Ohio, interpreting AKE v. Oklahoma
(1985), 470 U.S. 68, and Caldwell v. Mississippi
(1985), 472 U.S. 320, held that in order for an indigent to show need for an expert, there must be a showing of "`more than a mere possibility of assistance from an expert.'" In the case at hand, appellant has not demonstrated even a "mere possibility" of assistance from an expert.
Thus, it is our view that the trial court did not abuse its discretion in determining that an expert witness was not reasonably necessary to determine whether appellant was likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E). Appellant's sixth assignment of error is overruled.
For the forgoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., NADER, J., concur.